1   WRIGHT, FINLAY & ZAK, LLP
    Lindsay D. Robbins, Esq.
2   Nevada Bar No. 13474
    7785 W. Sahara Ave., Suite 200
3   Las Vegas, NV 89117
    (702) 475-7967; Fax: (702) 946-1345
4   lrobbins@wrightlegal.net
5   *Attorneys for Plaintiff, Deutsche Bank National Trust Company, As Trustee For The Holders of*
6   *GSAMP Trust 2005-AHL Mortgage Pass-Through Certificates, Series 2005-AHL*

7                   **UNITED STATES DISTRICT COURT**

8                        **DISTRICT OF NEVADA**

9   DEUTSCHE BANK NATIONAL TRUST          Case No.: 2:19-cv-00303-GMN-EJY
    COMPANY, AS TRUSTEE FOR THE
10  HOLDERS OF GSAMP TRUST 2005-AHL
    MORTGAGE              PASS-THROUGH      **STIPULATION AND ORDER TO STAY**
11  CERTIFICATES, SERIES 2005-AHL,         **CASE PENDING APPEAL**

12                  Plaintiff,

13          vs.

14  WESTCOR   LAND   TITLE   INSURANCE
    COMPANY,
15
                    Defendant.
16

17          Plaintiff Deutsche Bank National Trust Company, As Trustee For The Holders of

18  GSAMP Trust 2005-AHL Mortgage Pass-Through Certificates, Series 2005-AHL ("Deutsche

19  Bank"), and Defendant Westcor Land Title Insurance Company, ("Westcor") (collectively, the

20  "Parties"), by and through their counsel of record, hereby agree and stipulate as follows.

21          **WHEREAS**, there are now currently pending in the United States District Court for the

22

23  District of Nevada more than three dozen actions between national banks, on the one hand, and

24  their title insurers, on the other hand (the "Actions");

25          **WHEREAS**, each of the Actions involves a title insurance coverage dispute wherein the

26
    national bank contends, and the title insurer disputes, that a title insurance claim involving an
27
    HOA assessment lien and subsequent sale was covered by a policy of title insurance;
28

**WHEREAS**, in virtually all of these Actions, the title insurer underwrote an ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement (the "Form Policy");

**WHEREAS**, each of the Actions implicates common questions of interpretation of the Form Policy;

**WHEREAS**, the national bank in one of these actions has now appealed a judgment of dismissal to the Ninth Circuit Court of Appeals, *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal");

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action;

**WHEREAS**, Deutsche Bank previously moved to stay the instant action pending the disposition of the *Wells Fargo II* Appeal [ECF No. 42] (the "Motion to Stay");

**WHEREAS** both of the Parties intend that the instant Stipulation is to withdraw and replace the previously filed Motion to Stay;

**WHEREAS** both of the Parties agree that it is appropriate and desirous to stay the instant action pending the disposition of the *Wells Fargo II* Appeal, that a stay of the instant action will not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the *Wells Fargo II* Appeal might affect the disposition of this case);

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The instant action shall immediately be **STAYED**, pending the disposition of the *Wells Fargo II* Appeal.

2. The scheduling order previously entered in this action is hereby **VACATED**.

3. Each of the Parties shall be excused from responding to any now-outstanding discovery requests propounded by the other until after the stay is lifted.

4. Any now-pending deadlines to file responses to, or replies in support of, any outstanding motions are hereby **VACATED**.

5. By entering into this stipulation, neither of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

DATED this 16th day of January, 2020.            DATED this 16th day of January, 2020.

**WRIGHT, FINLAY & ZAK, LLP**                  **RESNICK & LOUIS, P.C.**

*/s/ Lindsay D. Robbins*                        */s/ Sue Trazig Cavaco*
Lindsay D. Robbins, Esq.                        Sue Trazig Cavaco, Esq.
Nevada Bar No. 13474                            Nevada Bar No. 6150
7785 W. Sahara Ave., Suite 200                  Emily Navasca, Esq.
Las Vegas, NV 89117                             Nevada Bar No. 13202
*Attorney for Plaintiff Deutsche Bank*          8925 West Russel Rd., Suite 220
*National Trust Company, As Trustee For*        Las Vegas, NV 89148
*The Holders of GSAMP Trust 2005-AHL*           *Attorneys for Defendant, Westcor Land Title*
*Mortgage Pass-Through Certificates,*           *Insurance Company*
*Series 2005-AHL*

**IT IS SO ORDERED.**
**IT IS FURTHER ORDERED** the
Defendant's Motion to Dismiss, (ECF            Dated this 16 day of January, 2020.
No. 7), Motion for Leave to File
Supplemental Authority, (ECF No. 28),
and Plaintiff's Motion to Stay, (ECF No.
42), are **DENIED as moot**.

_____
Gloria M. Navarro, District Judge
United States District Court

**IT IS FURTHER ORDERED** that the
parties shall file a joint status report
every ninety days, beginning on March
9, 2020, addressing the status of the
*Wells Fargo II* Appeal.

Page 3 of 3